IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **IBEW-NECA SOUTHWESTERN HEALTH & BENEFIT FUND**, and its Trustees, **NATIONAL ELECTRICAL BENEFIT FUND** and its Trustees, and **GREATER TEXAS IBEW-NECA ANNUITY FUND** and its Trustees, | § § § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:05-CV-0794-L |
| **B & J PURCHASING SERVICES, INC.**, d.b.a. J. Davis Electric Company and **BETTY L. DAVIS**, a.k.a. B.L. Davis, | § § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant's Motion to Transfer Venue from Dallas Division to Fort Worth Division, filed June 9, 2005. After careful consideration of the motion, response, briefs, record, appendices, and applicable law, the court **denies** Defendant's Motion to Transfer Venue from Dallas Division to Fort Worth Division.

**I. Background**

On April 22, 2005, IBEW-NECA Southwestern Health & Benefit Fund, and its Trustees; National Electrical Benefit Fund, and its Trustees; and Greater Texas IBEW-NECA Annuity Fund, and its Trustees (collectively, "Plaintiffs") filed this action against Defendants B & J Purchasing Services, Inc., d.b.a. J. Davis Electric Company, and Betty L. Davis ("Davis") (collectively, "Defendants"). Plaintiffs contend that Defendants failed to make contributions as required to certain employee benefit funds and that they are liable for all amounts due. Davis denies that she is

**Memorandum Opinion and Order - Page 1**

personally liable, and contends that Plaintiffs are not entitled to the relief they seek. Plaintiffs' claims arise under the Employee Retirement Income Security Act ("ERISA").

Davis, pursuant to 28 U.S.C. § 1404(a), seeks to have this action transferred to the Fort Worth Division of the Northern District of Texas for the convenience of the parties and witnesses, and in the interest of justice. Specifically, Davis contends that a transfer to the Fort Worth Division is warranted because:

> (1) the alleged conduct upon which this action is based occurred in the Fort Worth Division, (2) Defendant's records, relevant to the allegedly unlawful conduct, are located in the Fort Worth Division, (3) Defendant is located in the Fort Worth Division, and (4) to Defendant's knowledge and belief, all of the witnesses likely to have knowledge of facts relevant to this case are most likely to be found in the Fort Worth Division.

Defendant's Motion to Transfer at 1. Plaintiffs oppose a transfer, contending that Davis has not met her burden and established that Dallas is an inconvenient venue.

## II. Applicable Standard for a Section 1404(a) Transfer

With respect to section 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." 28 U.S.C. § 1404(a). In applying section 1404(a), a district court is to first determine "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (citing *In re Horseshoe Entm't*, 337 F.3d 429, 432 (5th Cir.), *cert. denied*, 540 U.S. 1049 (2003)). Once this initial determination is made, a district court

> turn[s] to the language of § 1404(a), which speaks to the issue of "the convenience of parties and witnesses" and to the issue of "in the interest of justice." The determination of "convenience" turns on a number of private and public interest factors, none of which [is]

**Memorandum Opinion and Order - Page 2**

> given dispositive weight. The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

*In re Volkswagen AG*, 371 F.3d at 203 (citations omitted).

There is no question that the events giving rise to this lawsuit occurred in the Northern District of Texas, which encompasses the Forth Worth and Dallas Divisions, as well as five other divisions. *See* 28 U.S.C. § 124(a)(1)-(7). It is without cavil that venue is appropriate in this *judicial district*, the Northern District of Texas. *See* 29 U.S.C. § 1132(e)(2) (allowing an ERISA claim to be brought in a district where the plan is administered, where the breach took place, or where a defendant resides). Moreover, the parties do not dispute whether the Fort Worth Division is a *division* in which Plaintiffs' action or claims could have been brought originally; indeed, it would be fatuous to contend otherwise, as Defendants reside in that division. The question that must be resolved is whether an intradistrict transfer should occur from the Dallas Division to the Fort Worth Division.[1]

Transfer of venue pursuant to 28 U.S.C. § 1404(a) is at the discretion of the court, considering "'[a]ll relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.'"

---

[1] The Dallas Division consists of the counties of Dallas, Ellis, Hunt, Johnson, Kaufman, Navarro, and Rockwall. The Fort Worth Division consists of the counties of Comanche, Erath, Hood, Jack, Palo Pinto, Parker, Tarrant, and Wise. 28 U.S.C. § 124(a)(1), (2).

**Memorandum Opinion and Order - Page 3**

*Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (quoting 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3847 at 370 (1986)). The moving party bears the burden of demonstrating that a change of venue is warranted. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966); *Carlile v. Continental Airlines, Inc.*, 953 F.Supp. 169, 170 (S.D. Tex. 1997).

A plaintiff's choice of forum is entitled to some deference and generally should not be disturbed unless the balance of factors strongly favors the moving party, *see Houston Trial Reports, Inc. v. LRP Publ'ns, Inc.*, 85 F.Supp.2d 663, 667 (S.D. Tex. 1999); however, a court may not attribute "decisive weight" to a plaintiff's choice of forum. A "[p]laintiff's choice of forum is clearly a factor to be considered but in and of itself is neither conclusive nor determinative."[2] *In re Horseshoe Entm't*, 337 F.3d at 434. Having determined that this action could have been originally filed in the Fort Worth Division, the court now considers the eight factors to determine whether it should be transferred to that division.

### III. Consideration of the Eight Factors

This court normally addresses each of the eight factors to decide whether it weighs in favor of or against a transfer, or whether it is neutral. In this case, however, it is readily apparent that Davis has failed to meet her burden, and the court therefore does not undertake a detailed analysis of each factor.

First, Davis only addresses the convenience of the parties and witnesses from the defense's perspective. She does not take into account or discuss adequately how the Plaintiffs or Plaintiffs' witnesses will be affected by a trial in Fort Worth. She states in conclusory fashion that all of the witnesses who have relevant testimony "are most likely to be found in the Fort Worth Division."

---

[2]In the final analysis, this factor had no impact on the court's determination whether to transfer the action to the Fort Worth Division.

**Memorandum Opinion and Order - Page 4**

...

She does not identify or list these witnesses, state the nature of their testimony, provide their addresses, or provide the factual bases for the statement. Moreover, Davis's affidavit does not really establish that she has personal knowledge of the facts stated therein, as she uses on at least two occasions the phrase "to my knowledge and belief" to set forth "facts" of which she allegedly has personal knowledge. This phrase is insufficient to establish personal knowledge. The conclusory statements and scant information simply do not allow the court to address the inconvenience or impact a trial in Dallas would have on witnesses.

Second, the location of documents or relative ease of access to sources of proof has been made much easier in light of technology. Many documents are now available through electronic means. The court, for purposes of this motion, accepts as true Defendant Davis's statement that most of the relevant documents are located in Tarrant County. A common practice in document production is that one side produces the documents by copying them and sending them to the other side. In cases where the document production may be voluminous, a party is often given an opportunity to inspect a party's records and specify which documents the requesting party wants. Finally, documents in many cases are stored electronically, retrieved and sent to the requesting party. Whether this case is tried in Dallas or Fort Worth, the costs associated with locating, copying and sending documents is essentially the same. In any event, Davis does not set forth sufficient evidence to establish that this factor weighs in favor of a transfer to the Fort Worth Division.

Third, the ability to subpoena persons to attend the trial is the same for both sides whether the trial is held in Dallas or Fort Worth. This is so because it appears that all witnesses, or at least the majority, reside in the Dallas and Fort Worth Divisions of the Northern District of Texas, are

within 100 miles of either federal courthouse, and are therefore equally subject to the subpoena process under Fed. R. Civ. P. 45(b)(2).

Fourth, with respect to the attendance of willing witnesses of Defendants who live in the Fort Worth Division, the court has no idea who these witnesses are or where in the Fort Worth Division they live.  Assuming that all live in Fort Worth or Tarrant County, the costs and time involved in traveling to the courthouse in Dallas may or may not be greater than that in traveling to the courthouse in Fort Worth.

Fifth, with respect to the local interest factor, while location of the alleged unlawful conduct is certainly a factor, it is not decisive.  Ordinarily, there is a preference to try an action where the alleged wrong or injury occurred.  As the alleged wrong took place in Tarrant County, it appears initially that this factor would favor a transfer to the Fort Worth Division; however, in this case, the ERISA statute allows suit to be brought at a place where a defendant resides or where a plan is administered.  The factor on balance is neutral and neither weighs in favor of nor against a transfer to the Fort Worth Division.

Regarding the remaining three factors – practical problems that make the trial of the case easy, expeditious and inexpensive; administrative difficulties flowing from court congestion; and familiarity of the forum with the law that will govern the case – the parties did not address them, or did so only in an oblique manner.  In any event, the court determines that, at best, they are neutral factors and do not weigh in favor of or against a transfer to the Fort Worth Division.[3]

---

[3] Davis suggests that location of Plaintiff's counsel is a reason this action was filed in the Dallas Division. Location of counsel of a party is an impermissible factor to consider in deciding whether to transfer an action.  *In re Horseshoe Entm't*, 337 F.3d at 434.  Accordingly, location of counsel was not considered by the court.

**Memorandum Opinion and Order - Page 6**

As a final matter, the court notes that the Dallas and Fort Worth federal courthouses are only approximately 32.4 miles apart, according to information provided by Maps.com.[4] Given the close proximity of the Dallas and Fort Worth federal courthouses, at most, the witnesses and parties would be marginally inconvenienced by the extra travel time to Dallas. Perhaps most telling on this issue is what the Fifth Circuit has said in a transfer of venue case. When deciding whether a case should have been transferred from the Southern District of Texas (Houston) to the Eastern District of Texas (Tyler), and whether the district court abused its discretion, the Fifth Circuit concluded:

> This case is not being consigned to the wastelands of Siberia or some remote, distant area of the Continental United States. The minor inconvenience Exxon may suffer in having to litigate this case in Tyler – only 203 miles distant – rather than in Houston, can in no rational way support the notion of abuse of discretion.

*Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988). If a distance of 203 miles is considered to be a "minor inconvenience," this court cannot fathom how requiring Davis and her witnesses to travel a mere 32.4 miles to Dallas for trial would in any way be an abuse of discretion. On the other hand, if the division to which Davis and the witnesses had to travel were that in Lubbock, Texas (Lubbock Division), which, according to Maps.com, is 290.8 miles from Fort Worth with a travel time of 4.8 hours, the court would view the matter in a totally different light; however, such is not the case. Davis's arguments that it would be "unreasonably burdensome, unnecessarily expensive, and inconvenient to require the parties and non-party witnesses to travel to Dallas" simply lacks merit.

### IV. Conclusion

---

[4]The court takes judicial notice of all information contained in Maps.com pursuant to Fed. R. Evid. 201.

**Memorandum Opinion and Order - Page 7**

For the reasons stated herein, Davis has failed to carry the burden and convince the court that this action should be transferred to the Fort Worth Division of the Northern District of Texas for the convenience of the parties and witnesses, and in the interest of justice. Accordingly, the court **denies** Defendant's Motion to Transfer Venue from Dallas Division to Fort Worth Division.

**It is so ordered** this 9th day of February, 2006.

_____
Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order - Page 8**